IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Elijah Green, #326911, | ) | Civil Action No.:2:13-659-BHH-WWD |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Warden McCall, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment (Dkt. No. 30; see also Dkt. No. 29.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about February 28, 2013. (See Dkt. No. 1 at 14 of 14.) On or about May 20, 2013, Petitioner amended his petition. (See Dkt. No. 17.) On September 9, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 30; see also Dkt. No. 29.) By order filed September 10, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 31.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on or about October 1, 2013. (Dkt. No. 33.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution ("LCI" or "Lee") of the South Carolina Department of Corrections ("SCDC"). In August of 2006, the Richland County Grand Jury indicted Petitioner on the charge of murder. (See Dkt. No. 29-10 at 5-6 of 9.) Petitioner was represented by Lauren Mobley, Esquire. (See R. at 1.) On March 5,

2008, Petitioner pled guilty to the charge of voluntary manslaughter before the Honorable

J. Michelle Childs. (See R. at 1-24.) After accepting the plea, Judge Childs sentenced the

Petitioner to twenty-three years of imprisonment. (R. at 23.)

Petitioner did not file a direct appeal, but he did file an application for post-conviction

relief ("PCR") on September 19, 2008. (R. at 25-29.) The following questions and answers

appeared on Petitioner's PCR application (verbatim):

> 9. State concisely the grounds on which you base your allegation that you are
> being held in custody unlawfully:
>
> Ineffective assistance violating Sixth Amendment of U.S. Constitution.
>
> 10. State concisely and in the same order the facts which support each of the
> grounds set out in (9):
>
> Failing to investigate guilty plea was not made knowing and voluntarily, lawyer
> was not familiar with facts of the case.

(R. at 44.) Through his PCR counsel, Tricia A. Blanchette, Esquire, Petitioner supplemented

his application for PCR "by adding the following specific allegations to his original allegation

of 'ineffective assistance of counsel' and by adding the allegation of failure to file a direct

appeal:"

> 1. Ineffective Assistance of Trial Counsel, specifically but not limited to the
> following grounds:
>
>> a. Failure to review the discovery with the Applicant prior to his
>> plea.
>>
>> b. Failure to meet with the Applicant and properly prepare for
>> trial and/or plea.
>>
>> c. Failure to address the statements included in the discovery
>> and investigate the information contained therein. Specifically,
>> the failure to utilize or even address the statement of Janice
>> Bates.
>>
>> d. Failure to conduct an independent investigation or speak with
>> any witnesses.

> e. Failure to discuss suppression of the Applicant's statements and address his cooperation with law enforcement during the plea.
>
> f. Failure to obtain the Applicant's mental health records from Alvin S. Glenn Detention Center and advise the Court that he was on prescription medication the day of the plea.
>
> g. Failure to address or investigate threats that were being made against the Applicant's family.

(R. at 30.)

On November 9, 2009, an evidentiary hearing was held before the Honorable G. Thomas Cooper, Jr. (R. at 39-83.) Petitioner was present and represented by Tricia Blanchette, Esquire. (See R. at 39.) In an order dated February 3, 2010, Judge Cooper denied the application for post-conviction relief and dismissed the petition. (R. at 97-105.) On February 18, 2010, Petitioner, through his attorney Ms. Blanchette, filed a Motion for Rehearing Pursuant to Rule 59(a), SCRCP, and/or Motion to Alter or Amend Pursuant to Rule 59(e), SCRCP. (See R. at 106-110.) In support of his motion, the Petitioner asserted:

> 1. The Order of Dismissal fails to name the witnesses that testified on the Applicant's behalf: Cynthia Muldrow and James Green. The Order further fails to summarize or specifically rule on the testimony offered by said witnesses . . . .
>
> 2. The Order of Dismissal fails to address the Applicant's testimony regarding the statement given by Janice Bates . . . .
>
> 3. The Order of Dismissal fails to specifically address the Applicant's testimony regarding his mental state and the documents obtained from Alvin S. Glenn Detention Center . . . .

(R. at 108-09.) Judge Cooper denied the motion in an order dated July 29, 2010. (R. at 111.)

Petitioner, through his attorney Robert M. Pachak of the South Carolina Commission on Indigent Defense, filed a <u>Johnson</u> Petition for Writ of Certiorari on November 12, 2010. (<u>See</u> Dkt. No. 29-5.)[1] Through counsel, Petitioner raised the following issue:

Whether there was evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal of his guilty plea?

(Dkt. No. 29-5 at 3 of 9.)[2] Mr. Pachak also filed a petition to be relieved as counsel. (Dkt. No. 29-5 at 8 of 9.) On or about December 10, 2010, Petitioner filed a *pro se* response to the <u>Johnson</u> petition, wherein he raised the following issues (verbatim):

(1) Whether PCR court order fails to support denial of counsel without counsel testimony?

    (a) Without trial counsel being called to testify does the incomplete record violate due process?

(2) Whether trial counsel was ineffective for not challenging arrest warrants under Franks v. Delaware?

(<u>See</u> Dkt. No. 29-6.) On or about May 6, 2011, Petitioner supplemented his *pro se* response with the following issues:

1. Did applicant have full understanding of plea agreement while on medication(s)?

2. My mental health records was mentioned and/or listed as Applicant's Exhibit, but they are not in my transcript . . . .

3. Why wasn't I given a psychiatric mental evaluation test to prove and/or show I was on prescription medication of the day of the plea?

4. The Applicant's medical history shows he was on antidepressants, at the time of the plea hearing, and it wasn't raised by plea counsel . . . .

---

[1]<u>See Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988).

[2]Mr. Pachak also provided a Statement of Issues on Appeal, wherein Petitioner raised the following issue:
Whether petitioner's guilty plea complied with the mandates set forth in <u>Boykin v. Alabama</u>?
(Dkt. No. 29-5 at 7 of 9.)

4

5. Why the state failure to investigate deeper into the statement of Janice Bates, given on June 29, 2006, implicating my co-defendant as the shooter . . . .

6. Why did the P.C.R. Judge look over an error in the Order of Dismissal that the State wrote up? On page 6 of 9 it was stated that I informed the plea court myself that I wasn't taking medication and I did not have mental health issues. I did state I wasn't on medication, but I was never asked about my mental health issues. It was never stated I wasn't or didn't have mental health issues.

7. In the Order of Dismissal, it was said that I claimed I wouldn't have pled out if I knew I was the trigger-man, I would have took it to trial. I took advice from my plea counsel, that I would lose the trial if I took that step. . . .

8. The appointed lawyer Robert M. Pachak filed a <u>Johnson</u> Petition for Writ of Certiorari against my case. The issue presented has nothing to do with my case. He presented an issue talking about a belated appeal of my guilty plea. The main issue on my PCR application was ineffective assistance. . . .

(Dkt. No. 29-7.)

In an order filed October 22, 2012, the South Carolina Court of Appeals denied the petition and granted counsel's request to withdraw. (Dkt. No. 29-8.) The matter was remitted to the lower court on November 8, 2012. (Dkt. No. 29-9.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

**GROUND ONE**: Ineffective assistance of trial counsel.

**Supporting facts:** Failure to meet with the Applicant and properly prepare for trial and for plea. Attorney didn't investigate my case! He denied constitutional right along with attorney client privilege.

**GROUND TWO**: Failure to address the statement included in the discovery and investigate the information contained therein.

**Supporting facts:** Specifically failure to utilize or even address the statement of Janice Bates. This statement could have change the result of my sentence.

**GROUND THREE**: Failure to conduct an independent investigation or speak with any witnesses.

5

**Supporting facts:** Lack of investigation clearly proves ineffective counsel. By law I'm intitled to legal representation, but my constitutional rights along with South Carolina constitutional rights have been violated because of this attorney.

**GROUND FOUR**: Failure to obtain the applicant's mental health records from Alvin S. Glenn. Franklin v. Maynard 356 S.C. 276, 280 n.7, 588 S.E.2d 604, 606 n.7 (2003).

**Supporting facts:** He didn't advise the courts that I was on prescription medication the day of my plea. I didn't properly understand what was going on.

(Dkt. No. 1.) On or about May 22, 2013, Petitioner supplemented his habeas petition. (See

Dkt. No. 17.) In this supplement, Petitioner raised the following grounds for review:

A) Failure to obtain the Applicant's mental health records from Alvin S. Glenn Detention Center and advise the court he was on prescription medication the day of the plea.

B) Failure to address the statement included in the discovery and investigate the information contained therein. Specifically, failure to utilize or even address the statement of Janice Bates.

C) The applicant is also alleging that counsel failed to file a direct appeal as was requested by applicant.

D) Ineffective assistance of PCR counsel; failure to object and ask for an extension. Martinez v. Ryan.

F) Failure to meet with applicant and properly prepare for trial and/or plea.

E) Failure to conduct an[] independent investigation or speak with any witnesses.[3]

(Dkt. No. 17.)

---

[3]Petitioner listed Grounds (E) and (F) in this order.

6

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 30; see also Dkt. No. 29.)   For the reasons set forth herein, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 30) be granted.

**A.    Failure to Investigate (Ground One; Ground Two & Issue B; Ground Three & Issue E; and Issue F)**

In his Petition and Supplement, Petitioner raises various iterations of his claim that plea counsel failed to adequately investigate. All of these claims (Ground One, Ground Two, Issue B, Ground Three, Issue E, and Issue F) are addressed herein, though not necessarily in the order raised by Petitioner.

**Ground Two & Issue B**

In Ground Two and Issue B, Petitioner contends that counsel was ineffective because she failed to utilize or address the statement of Janice Bates. The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance.   Id. at 689.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of

8

2:13-cv-00659-BHH    Date Filed 07/01/14    Entry Number 40    Page 9 of 20

reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner raised Ms. Bates' statement at his PCR hearing. (See R. at 50-51.) The following exchange occurred during the direct examination of Petitioner:

Q. Now, this statement [of Janice Bates] was contained in your discovery packet?

A. Yes, ma'am.

Q. Did you go over it with Ms. Mobley?

A. Tried.

9

Q. And will you explain what you mean by tried?

A. I tried to go over it with her but she said that she might not have finished school or she might be on welfare. So it wouldn't be–it wouldn't work.

Q. Okay. And in that statement does Ms. Bates actually implicate your co-defendant–

A. Yes, ma'am.

Q. –as the shooter?

A. Yes, ma'am.

Q. Okay. And she implicates you as your co-defendant or as the co-defendant's friend?

A. Yes, ma'am.

Q. But she does not implicate you as the shooter in this case?

A. No, ma'am.

Q. Okay. And you attempted to go over this statement with Ms. Mobley in connection with how it could assist you with your case?

A. Yes, ma'am.

(R. at 51-52.)[4] Although Petitioner presented this testimony, as well as Ms. Bates' written statement, at the PCR hearing, Judge Cooper did not specifically address Ms. Bates' statement in his order. (See R. at 97-105.) Even so, § 2254(d) applies. See Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011). Like in Harrington, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable." Id. at 785.

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court . . . .

---

[4]It appears that Ms. Mobley, Petitioner's plea counsel, did not testify at the PCR hearing because she was out of the country, serving in the Peace Corps. (See R. at 97.)

As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. . . .

Id. at 786-87.

Petitioner has not met the standard set forth in § 2254(d). Petitioner is correct that Ms. Bates' written statement does not implicate Petitioner in the shooting but, as Respondent notes, neither does the statement exculpate Petitioner. (See R. at 92-92.) The relevant portion of her statement is as follows:

Q. Janice, as you know I am investigating the murder of an individual that took place here in Richland County where Anthony was one of the suspects. Do you know anything about that murder or have you ever heard Anthony talking about committing a murder?

A. Sometime after June 16, 2006 he and I were fussing and he mentioned something to me about shooting someone in the head. That's all he said about that . . . .

. . . .

Q. Did [Anthony] tell you if anyone else was with him?

A. No.

Q. Did you even ask him?

A. No. I don't ask him questions.

(R. at 93.)

Petitioner makes much of the fact that Ms. Bates' statement identifies another individual, Anthony Profit, as the individual that pulled the trigger. (See R. at 93.) What Petitioner overlooks is that the facts set out in the plea colloquy are consistent with Ms. Bates' statement. (See R. at 7-10.) In fact, the solicitor stated,

[O]ur position would be [that Petitioner] provided the gun beforehand and then subsequently got the gun back afterwards and was present aiding and

11

abetting during this thing. We do not allege in any way that he was the triggerman. That's part of the reason for this negotiation . . . .

(R. at 9.) Petitioner agreed with the factual allegations as stated by the investigator and the solicitor. (R. at 10.) Given that Petitioner identified Profit as the shooter in his statements, and that the solicitor and investigator identified Profit as the shooter during the plea hearing, Petitioner has not shown the state court's rejection of this claim of ineffective assistance of counsel meets the standard set forth in § 2254(d).[5] See Ruhl v. Hardy, 743 F.3d 1083, 1099-1101 (7th Cir. 2014) (no deficiency or prejudice due to counsel's failure to call a witnesses to corroborate statement by a co-defendant that co-defendant killed the decedent because "given the State's theory of the case, [the testimony about the co-defendant's statement] would not have exculpated [the petitioner]. The State, after all, charged [the co-defendant] with [the] murder as well as [the petitioner]."); Primus v. Padula, 555 F. Supp. 2d 596, 610 (D.S.C. 2008) (the petitioner could not meet the standard set forth in § 2254(d) on allegation that counsel was ineffective for failing to call uncle as a witness where the uncle's testimony would not have given the petitioner an alibi for the time of the crime).

**Ground One, Ground Three & Issue E**

In Ground One, Petitioner asserts a general allegation that counsel's investigation was inadequate. In Ground Three and Issue E, Petitioner contends that counsel failed to conduct an independent investigation or speak with any witnesses.

To the extent Petitioner alleges that counsel's investigation was inadequate, and that counsel failed to speak with any witnesses, the undersigned concludes that federal habeas

---

[5]The PCR court did specifically state, "The Applicant's claim that he would not have pled guilty and [would have] gone to trial if he knew the State did not consider him the trigger-person is both not credible and completely inconsistent with his colloquy with the plea court." (R. at 102.) Such a factual finding on credibility is "presumed to be correct"; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858-60 (4th Cir. 2003). Petitioner has not done so.

12

relief is not warranted. The statement of Ms. Bates has been addressed above. In addition,

the following colloquy occurred at Petitioner's PCR hearing:

> Q. Now, as far as an investigation, did you ask her to investigate this case and look into the facts of the case?
>
> A. Yes, ma'am.
>
> Q. And did she do that?
>
> A. I have no idea.
>
> Q. Okay. Do you know if she hired or got a private investigator appointed to your case?
>
> A. She says she did.
>
> Q. And do you know that private investigator's name, or do you have any communication with him or her?
>
> A. No, ma'am.
>
> Q. Do you know if Ms. Mobley and/or a private investigator ever spoke with any witnesses or looked into any statements?
>
> A. No, ma'am.

(R. at 52.)

Petitioner's brother James Green and mother Cynthia Muldrow testified at his PCR

hearing. (R. at 71-78.) James Green testified that he heard Profit threaten Petitioner. (R. at

71-73.) Ms. Muldrow testified that she had difficulty reaching Petitioner's attorney but spoke

with an investigator once who "wanted [her] to do the legwork as far as giving her names

of people instead of her actually doing her own thing." (R. at 74-75.) She testified she was

not aware at the time that Petitioner was giving a statement to police. (R. at 75.) She

testified that she had the opportunity to speak at Petitioner's plea hearing but did not do so

because her mother spoke. (R. at 76-77.) When asked what she would have told the court,

Ms. Muldrow stated that she would have said Petitioner was a "good kid" "brought up from

2:13-cv-00659-BHH    Date Filed 07/01/14    Entry Number 40    Page 14 of 20

a very loving family" and that he "just was with the wrong person at the wrong time." (R. at 77.) No other witness testimony was presented at Petitioner's PCR hearing.

Petitioner testified that he told his plea counsel about Profit's threat; as such, Petitioner's claim that counsel was ineffective for failing to investigate James Green as a witness has no merit, as counsel was already aware of the relevant facts. To the extent Petitioner claims that counsel was ineffective for failing to investigate Ms. Mobley as a witness, the undersigned notes that, generally speaking, the substance of Ms. Mobley's testimony was covered at the plea hearing. Petitioner's attorney stated that Petitioner had a "great family network" at the plea, and Petitioner's grandmother stated that Petitioner "was at the wrong place at the wrong time with the wrong person." (R. at 19, 22.) Beyond that, Petitioner presented no witnesses at his PCR hearing; his claim of inadequate investigation therefore does not merit federal habeas relief. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify.").

**Issue F**

Petitioner claims in Issue F that counsel was ineffective for failing to meet with Petitioner and prepare for a trial and/or plea. Although Petitioner listed this issue in his amended PCR application, the PCR judge did not discuss this claim in his order. (See R.

14

at 97-105.) Nor was this issue raised in his Rule 59(e) motion. (See R. at 106-10.)

Accordingly, it is procedurally barred. See Montgomery v. Bodison, C.A. No. 6:09-778-HMH-

WMC, 2010 WL 297667, at *4 (D.S.C. Jan 20, 2010) (although petitioner raised some

claims in his petition, they were procedurally barred because the PCR court did not rule on

them, and petitioner did not file a Rule 59(e) motion).[6]

## B.    Failure to Raise Mental Health Issue(s) (Ground Four and Issue A)

In Ground Four and Issue A, Petitioner contends that counsel was ineffective for

failing to obtain his "mental health records" from the detention center and in failing to advise

the court that he was on prescription mediation on the day of the plea. (Dkt. No. 1.)

The undersigned recommends granting summary judgment to Respondent on

Ground Four and Issue A. Although the PCR judge's order does not specifically address this

claim, the PCR judge did state,

> Beyond his cursory review of the undisputed procedural history, this court
> finds Applicant's testimony is not credible. . . . The Applicant informed the plea
> court himself that he was not taking any medication nor did he have any
> mental health issues.

(R. at 103.) As noted above, such a factual finding on credibility is "presumed to be correct";

Petitioner has the "burden of rebutting the presumption by clear and convincing evidence."

28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003).

---

[6]"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, Bousley v. United States, 523 U.S. 614, 623 (1998); see also Schlup v. Delo, 513 U.S. 298, 327 (1995), or abandonment by counsel,  see Maples v. Thomas, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)). Petitioner has not made any showing sufficient to overcome the procedural bar.

Petitioner has not done so; as the PCR court noted, Petitioner told the plea judge that he was not taking any medication and had never been evaluated for mental health issues. See R. at 5; see also Wilson, 352 F.3d at 860 ("These facts do not compel the credibility determination reached by the state court, but they certainly provide sufficient basis, for purposes of section 2254(d)(2), to support such a determination.").

In addition to Petitioner's testimony at his plea hearing that he was not on any medication, and had never been evaluated for mental health issues, the undersigned notes that Petitioner testified at the PCR hearing that he never talked with his attorney about his mental health or mental state of being. (R. at 53.) In fact, when asked about whether he had the opportunity to talk to his counsel about the antidepressant medication he states he was on during the plea hearing, Petitioner said, "No, ma'am." (R. at 54.)

In light of the foregoing, the undersigned concludes that Petitioner has not met the standard for federal habeas relief set forth in § 2254(d). Since § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788. There is no evidence that Petitioner told counsel he was taking medication; Petitioner specifically testified at his PCR hearing that he never discussed it with his attorney. (R. at 53-54.) See Crenshaw v. Wolff, 504 F.2d 377, 380 (8th Cir. 1974) (affirming denial of petition for habeas corpus where the district court "found that there was no evidence that the trial attorney knew or should have known about petitioner's possible incompetency, and therefore should not be charged with neglect in failing to raise the matter"); see also Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000) ("[T]he fact that the petitioner has been treated with anti-psychotic drugs does not *per se* render him incompetent to stand trial."); Jones v. McCall, Civ. A. No. 9:10–49–HFF–BM, 2010 WL 4967440, at *6 (D.S.C. Oct. 26, 2010), adopted at 2010 WL 4966911 (D.S.C. Dec

1, 2010). The undersigned therefore recommends granting summary judgment to Respondent on Ground Four and Issue A.

## C.    Failure to File a Direct Appeal (Issue C)

Finally, Petitioner contends in Issue C that counsel was ineffective for failing to file a direct appeal.[7] The PCR judge did address this claim as follows:

> This Court accepts the Applicant's pro se notice of appeal as an indicator that he may have wanted to appeal his plea. However, there is no credible evidence that the *pro se* notice was ever communicated to plea counsel. The Applicant's testimony that he told plea counsel to file an appeal is not credible. The Applicant pled guilty to a negotiated sentence of twenty (20) to thirty (30) years[;] he received twenty-three (23). As explained above, he agreed with the State's background facts and he was fully aware that the State did not consider him to be the trigger-person. There has been no demonstration of any extraordinary circumstance in this specific case that would warrant plea counsel to file an appeal from this negotiated plea. Jones v. State, 382 S.C. 589, 677 S.E.2d 20 (2009). Once again, the Applicant's testimony that he informed plea counsel he wanted to appeal is not credible. For the sake of argument, assuming plea counsel was asked to file an appeal, there has been no mention of what explanation was to be provided by plea counsel in the notice of appeal she purportedly should have filed that would have satisfied the requirements of Rule 203(d)(1)(B)(iv), SCACR. Accordingly, there is no real prejudice even if plea counsel had indeed failed to file a notice of appeal following this Applicant's guilty plea because there would need to be an explanation of issues filed with the notice. State v. Thrift, 378 S.C. 70, 661 S.E.2d 373 (2008).

(R. at 103-04.)

The undersigned recommends granting summary judgment to Respondent on Issue C. In Roe v. Flores–Ortega, 528 U.S. 470 (2000), the Supreme Court recognized two distinct scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of appeal. The first scenario occurs when "a lawyer . . .

---

[7]Petitioner did raise one other ground for relief; in Issue D he cites Martinez v. Ryan, 132 S. Ct. 1309 (2012), and asserts that PCR counsel was ineffective for failing to object and ask for an extension. However, issue D is not cognizable on federal habeas review. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

disregards specific instructions from the defendant to file a notice of appeal." Id. at 477. Where such a claim is established, the lawyer is *per se* deficient. See id. The second scenario occurs when trial counsel fails to consult with a defendant about an appeal and there was a "constitutionally imposed duty" to do so. Id. at 480. The duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.; see also Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir. 2009).

In the case *sub judice*, the PCR court specifically found Applicant's testimony that he asked counsel to file an appeal was not credible. Petitioner has not met the burden set forth in § 2254(e)(1) sufficient to rebut that evidence. See 28 U.S.C. § 2254(e)(1); see also Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Furthermore, Petitioner has not indicated what "nonfrivolous grounds for appeal" he would have wanted to appeal. (See Dkt. No. 29-3 at 9 of 10.) When asked what issues he wanted to appeal, Petitioner testified at his PCR hearing that he "shouldn't have received voluntary manslaughter," and the twenty-three year sentence was "too much." (R. at 70.) Petitioner has not shown any appealable issue with respect to his sentence. The negotiated range was twenty to thirty years, and he received a sentence inside that negotiated range. As to the charge, again Petitioner has not identified a non-frivolous issue to appeal. Although Petitioner indicated in a statement that he believed he, Profit, and the decedent were going to rob a house, Petitioner had also given a statement that he was aware that Profit wanted to kill the decedent. (See R. at 86-91.) In addition, Petitioner's statement indicates the gun Profit used to kill the decedent came from Petitioner, and after the shooting, Petitioner got the gun back and took it to his mother's house. (See id.) These two issues are simply not

18

the type of non-frivolous issues identified by the Fourth Circuit in <u>Frazer v. South Carolina</u>, 430 F.3d 696 (4th Cir. 2005). <u>See Frazer</u>, 430 F.3d at 711-12 (affirming grant of habeas relief, noting at least two non-frivolous issues for appeal: (a) the excessive fine, where "South Carolina's acknowledgment that [the petitioner's] fine exceeded the statutory maximum indicates that [the petitioner] could have pressed it on appeal," and (b) the imposition of consecutive sentences where the facts supported an allegation of prejudice against the defendant). The undersigned therefore recommends granting summary judgment to Respondent on Issue C.

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 30) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is also RECOMMENDED that a certificate of appealability be denied.[8]

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 1, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[8]A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

19

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).