IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elijah Green, #326911, | ) Civil Action No.: 2:13-659-BHH |
|                     Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden McCall, | ) |
|                     Respondent. | ) |
| _____ | ) |

The petitioner Elijah Green ("the petitioner" or "Green"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Wallace W. Dixon for pretrial handling and a Report and Recommendation. Magistrate Judge Dixon recommends that the respondent's motion for summary judgment be granted and the petitioner's habeas petition be dismissed with prejudice. (ECF No. 40.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

The petitioner filed this action against the respondent Warden McCall ("the respondent") on March 7, 2013.[1] On July 1, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the respondent's motion for summary judgment

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on March 7, 2013, by the Lee CI mailroom. (ECF No.1-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

be granted and the petitioner's habeas petition be dismissed with prejudice. (ECF No. 40 at 19.) On July 16, 2014, the Clerk of Court entered the petitioner's Objections. (ECF No. 42.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

As noted above, the petitioner his filed objections to the Magistrate Judge's Report and Recommendation (Report), which the Court has carefully reviewed. However, the petitioner's objections, while verbose, provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, the Court will enter judgment

accordingly.

First, the petitioner failed to file any specific objections to the Report, and the Court has found no clear error on the face of the record. (ECF No. 40 at 20.) Second, the petitioner generally does nothing more in his objections than reargue issues that the Magistrate Judge has already considered and rejected. The Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Therefore, the Court will overrule the petitioner's objections to the Report.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is incorporated herein by reference. It is therefore

ORDERED that respondent's motion for summary judgment (ECF No. 30) is GRANTED, and the petitioner's habeas petition is dismissed, *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

/s/Bruce Howe Hendricks  
United States District Judge

March 27, 2015  
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.